UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Eric Michael Sorenson,

                  Plaintiff,

v.

Minnesota Department of
Human Services et al.,

                  Defendants.

MEMORANDUM OPINION
AND ORDER
Civil No. 15-1573 ADM/LIB

_____

Eric Michael Sorenson, *pro se*.
_____

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Eric Michael Sorenson's Objections [Docket No. 13] to Magistrate Judge Leo L. Brisbois's April 6, 2015 Order [Docket No. 8] ("Order") and Application/Affidavit for IFP/COA to Waive Court Costs and Fees for Leave to Proceed in the Eighth Circuit Court of Appeals [Docket No. 10].  For the reasons set forth below, Sorenson's Objections are overruled and his application to proceed *in forma pauperis* ("IFP") on appeal [Docket No. 10] is denied.

## II.  BACKGROUND

On March 17, 2015, Sorenson, who is currently committed as a Sexually Dangerous Person in the Minnesota Sex Offenders Program at Moose Lake, filed this action alleging that Defendants violated the Minnesota Government Data Practices Act, Minn. Stat. § 13.01; 42 U.S.C. § 1983; and the Freedom of Information Act, 5 U.S.C. § 552.  Compl. [Docket No. 1 ].  At the time of filing, Sorenson did not pay the required filing fee and instead requested to proceed IFP.  See Appl./Aff. for IFP [Docket No. 4].  Sorenson additionally moved for appointment of counsel.  Mot. for Appointment of Counsel [Docket No. 2].  Upon initial review

of the Complaint and IFP application, Judge Brisbois found that Sorenson qualified for IFP status and therefore granted the application. See Order. However, concluding that Sorenson "has the threshold ability to articulate his claims," Judge Brisbois denied Sorenson's Motion for Appointment of Counsel. Id. at 2.

### III. DISCUSSION

**A. Standard of Review**

A district court judge will not modify or set aside a magistrate judge's ruling on a nondispositive matter unless the ruling is clearly erroneous or contrary to law. D. Minn. LR 72.2(a); see also 28 U.S.C. § 636(b)(1)(A). A decision is "clearly erroneous" when, although some evidence supports it, "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Chakales v. Comm'r of Internal Revenue, 79 F.3d 726, 728 (8th Cir.1996) (citation omitted). "A decision is 'contrary to law' when it fails to apply or misapplies relevant statutes, case law or rules of procedure." Knutson v. Blue Cross & Blue Shield of Minn., 254 F.R.D. 553, 556 (D. Minn. 2008) (citation and quotation omitted). Courts in this district have characterized this standard of review as "extremely deferential." Reko v. Creative Promotions, Inc., 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999).

**B. Motion to Appoint Counsel**

As Judge Brisbois noted, a civil litigant has no constitutional or statutory right to the appointment of counsel. Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998) (citing Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985)). In making a determination on whether appointment of counsel for a *pro se* litigant is appropriate, the Court considers factors "such as the complexity of the case, the ability of the indigent litigant to investigate the facts, the existence of conflicting testimony, and the ability of the indigent to present his claim." Stevens, 146 F.3d at 546 (citing Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986)). Courts

should likewise "determine whether the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1005 (8th Cir. 1984). The appointment of counsel "is committed to the discretion of the trial court." McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997).

Sorenson contends that Judge Brisbois erred in denying his motion for appointment for four major reasons: (1) the Order did not provided sufficient explanation as to why the motion was denied; (2) the Court used a "rubber stamp" method when issuing the order; (3) the incorrect criteria were utilized in evaluating whether appointment was appropriate; and (4) the Court accorded incorrect weight to the various criteria.

The Court concludes that Judge Brisbois's decision to deny the motion was not clearly erroneous or contrary to law. As to Sorenson's first argument, Judge Brisbois offered explicit reasoning for his finding. Specifically, Judge Brisbois found that neither the facts nor the legal issues asserted in Sorenson's Complaint are so complex to merit appointment of counsel. Moreover, Judge Brisbois found that Sorenson has "the threshold ability to articulate his claims." Order at 2. Sorenson's Complaint is cognizable, showing an ability to adequately articulate his claims and identify applicable relevant law. As in his instant Objections, Sorenson clearly states the basis for his Objections, further demonstrating his understanding of relevant issues and displaying that he can sufficiently communicate his arguments to the Court. No further analysis is needed. The Court agrees with Judge Brisbois's assessment.

Sorenson next contends that Judge Brisbois erred because he "used the 'rubber stamp' method in issuing [the Order]." Objections at 7. Sorenson appears to be arguing that because Judge Brisbois's Order is relatively brief, that the Order was simply "printed and signed, thus, being the exact definition of a 'rubber stamped' (aka. [sic] 'robo-stamped') order." Id. This argument is unavailing. The Order clearly is directed to Sorenson's Motion. Further, the Court

is confident that Judge Brisbois engaged in a thorough review of Sorenson's Complaint prior to making his determination.

Finally, to the extent Sorenson argues that Judge Brisbois utilized the wrong criteria when evaluating the motion and incorrectly weighed such criteria, the Court disagrees. Sorenson maintains that the proper standard for evaluating indigent appointment of counsel is found in Phillips v. Jasper Cnty. Jail, 437 F.3d 791 (8th Cir. 2005), and further seems to believe that Judge Brisbois erred in failing to explicitly cite to Phillips. Sorenson is correct that in Phillips, the Eighth Circuit set out criteria for evaluating a request for appointment of counsel:

> The relevant criteria for determining whether counsel should be appointed include the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments.

Phillips, 437 F.3d at 794 (citing Edgington v. Mo. Dep't of Corr., 52 F.3d 777, 780 (8th Cir. 1995)). However, the criteria do not differ from the criteria utilized by Judge Brisbois in his Order. Judge Brisbois clearly considered the complexity of both the facts of the case and the legal arguments, and further considered Sorenson's capacity to present the claims asserted. Although it is true that Judge Brisbois did not explicitly mention Sorenson's capability to investigate the facts or whether conflicting testimony existed, discovery has yet to occur. The Court is therefore unable to conclude that significant hurdles in these areas exist such that Sorenson is entitled to counsel. Moreover, Phillips does not dictate that the factors listed must each be weighed in a particular fashion. Accordingly, Judge Brisbois did not err in denying Sorenson's motion to appoint counsel.

**C.  IFP Status on Appeal**

After Judge Brisbois issued his order denying appointment of counsel, Sorenson moved to proceed IFP on appeal to the Eighth Circuit.  This action is premature.  Under 28 U.S.C. § 1292(b), appellate review of interlocutory orders may proceed in certain instances:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order . . .

28 U.S.C. § 1292(b).  The circumstances set forth in 28 U.S.C. § 1292(b) are not present here.  Whether Sorenson is entitled to representation in this action is not a controlling question of law, but rather is, as discussed above, a matter within the Court's discretion.  Nor will an interlocutory appeal on this issue materially advance this case to resolution.  Accordingly, to the extent Sorenson seeks to proceed IFP and appeal the denial of appointment of counsel to the Eighth Circuit, the motion is denied.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Sorenson's Objections [Docket No. 13] to Magistrate Judge Leo I. Brisbois's April 6, 2015 Order [Docket No. 8] are **OVERRULED**; and

2. Sorenson's application to proceed *in forma pauperis* on appeal and for leave to proceed to the Eighth Circuit on the question of whether counsel should be appointed in the case [Docket No. 10] is **DENIED**.

BY THE COURT:

     s/Ann D. Montgomery  
ANN D. MONTGOMERY  
U.S. DISTRICT JUDGE

Dated:  May 18, 2015.