UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Eric Michael Sorenson,

        Plaintiff,

v.

Minnesota Department of Human Services, et al.,

        Defendants.

Court File No. 15-cv-1573 (ADM/LIB)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(A), and upon Plaintiff's Motion for Partial Default Judgment, [Docket No. 27]. For the reasons set forth below, the Court recommends that Plaintiff's Motion for Partial Default Judgment, [Docket No. 27], be **DENIED**.

## I. BACKGROUND

Plaintiff Eric Michael Sorenson ("Plaintiff"), a patient in the Minnesota Sex Offender Program proceeding *pro se*, initiated this lawsuit on or about March 17, 2015, naming as Defendants several State of Minnesota agencies and employees. On May 28, 2015, the Defendants timely responded by filing a Motion to Dismiss, [Docket No. 17].

On June 4, 2015, Plaintiff filed the present Motion for Partial Default Judgment, [Docket No. 27], with this Court seeking an order of default judgment against Defendant Minnesota Department of Human Services and against Defendant Lucinda Jesson, the Commissioner of the Minnesota Department of Human Services.

## II. PLAINTIFF'S MOTION FOR PARTIAL DEFAULT JUDGMENT, [Docket No.27]

Federal Rule of Civil Procedure 55 governs motions for default and for default judgment. In pertinent part, Fed. R. Civ. P. 55 sets forth that, before a default judgment may be entered against a party, there must first be an entry of default against that party. To obtain an entry of default against a party, there must first be a showing that the allegedly defaulting party has failed to plead or otherwise defend. Fed. R. Civ. P. 55(a). In the present case, all of the Defendants, including Defendant Jesson and Defendant Minnesota Department of Human Services, <u>have</u> timely defended by filing their Motion to Dismiss, [Docket No. 17]. The text of the Motion to Dismiss, [Docket No. 17], states that it was brought on behalf of "all state entities and the individually named Defendants in their official capacity" and "[t]o the extent Plaintiff sues named employees in their individual capacity" the State anticipates representing the named individual Defendants as they are certified for defense and indemnity pursuant to Minn. Stat. § 3.736, Subd. 9. As Defendant Jesson and Defendant Minnesota Defendant of Human Services have timely defended, the Court recommends **DENYING** Petitioner's Motion for Partial Default Judgment, [Docket No. 27].

## III. CONCLUSION

Based on the foregoing and all of the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED**:

1. Plaintiff's Motion for Partial Default Judgment, [Docket No. 27] be **DENIED**.

Dated: July 27, 2015
s/Leo I. Brisbois
Leo I. Brisbois
U.S. MAGISTRATE JUDGE

# N O T I C E

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]" A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.