UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Eric Michael Sorenson,                              Court File No. 15-cv-1573 (ADM/LIB)

            Plaintiff,

v.

                                                    **REPORT AND RECOMMENDATION**

Minnesota Department of Human Services,
et al.,

            Defendants.

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(A), and upon Defendants' Motion to Dismiss Plaintiff's Complaint. [Docket No. 17]. The present motion is brought on behalf of all state entities and the individually named Defendants in their official capacities. Plaintiff has not responded to the present motion. The Court took the present motion under advisement on the parties written submissions on August 27, 2015. (Order [Docket No. 46]).

For the reasons discussed herein, the Court recommends that Defendants' Motion to Dismiss Plaintiff's Complaint, [Docket No. 17], be **GRANTED** and the above captioned matter be **DISMISSED with prejudice**.

## I.      STATEMENT OF ALLEGED FACTS[1]

Plaintiff Eric Michael Sorenson ("Plaintiff"), a patient civilly committed in the Minnesota Sex Offender Program ("MSOP"), proceeding *pro se*, initiated the present lawsuit on or about March 17, 2015, naming as Defendants numerous departments and employees of the State of Minnesota, demanding relief pursuant to 42 U.S.C. § 1983. Plaintiff's Complaint alleges five (5)

---

[1] All alleged facts are taken from Plaintiff's Complaint, [Docket No. 1].

counts against numerous Defendants, suing the named Defendants in their "official capacity, and where applicable individual capacity[.]" (Compl. [Docket No. 1]).[2]

While not the issue of Plaintiff's Complaint, Plaintiff's Complaint stems from an incident, which occurred on or about February 16, 2015, where Plaintiff was assaulted. (Id. at ¶ 22). After that assault, Plaintiff was interrogated by Thane Murphy ("Murphy"), a member of the MSOP Office of Special Investigations. At that interrogation, Plaintiff asked Murphy "if the OSI Department as the MSOP had any statutory authority over the Plaintiff to be interrogating him[.]" (Id. at ¶ 23). Murphy told Plaintiff to write to Health Information Systems Management Department "to find the information Plaintiff was seeking." (Id.).

On February 23, 2015, Plaintiff wrote a "Client Request" to the Health Information Systems Legal Department containing two questions, "(1) [W]hat statutory authority does the Office of Special Investigations run under? And (2) does it have statutory ties with the DOC?" (Id. at ¶ 24). On or about February 26, 2015, Plaintiff alleges that Defendant Davis responded to Plaintiff's request with a letter that stated, in pertinent part that:

> Pursuant to the Minnesota Government Data Practices Act (MGDPA), Minn. Stat. 13.03, Subd. 3, a data request requires access to data either by having copies or by being allowed to inspect. You state in your letter that you were making a data request, but you did not request any data. You only asked questions. Under the MGDPA, a government entity does not have to respond to questions as a response to a data request. Furthermore, it is not clear what data, if any, you want to access.

(Id. at ¶ 25) (emphasis in original document).

---

[2] The Defendants as named in Plaintiff's Complaint are "Minnesota Department of Human Services ("MDHS")' Minnesota Sex Offender Program ("MSOP"); Lucinda Jesson; Anne Barry; Nancy Johnston; Cindy Breault; Kevin Moser; 2015 Health Information Systems Management Department and it Agents, Employees, and assigns, etc., (collectively referred to as Doe No. 1); 2015 MDHS Data Privacy Official(s), (collectively referred to as Doe No. 2); 2015 MSOP Legal Department and its Agents, Employees, and assigns, etc., (collectively referred to as Doe No. 3); Stana Davis; any other Jane/John Does whose true names are not presently know to the Plaintiff; all Defendants are currently sued in their official capacity, and where applicable individual capacity[.]" (Compl. [Docket No. 1]).

Plaintiff also alleges that between the time he submitted his request and the time he received Defendant Davis' response, Defendant Doe No. 1, Defendant Doe No. 2, Defendant Doe No. 3, and Defendant Davis all met to discuss how to reply to Plaintiff's request, and it was decided by those Defendants that Defendant "Davis would tell the Plaintiff that he could not ask questions through the MGDPA." (Id. at ¶ 31). Plaintiff further alleges that the practice of not answering questions through the MGDPA "is pervasive and long-standing within the MSOP" because "Defendants Jesson, Moser, Barry, and Johnston, have failed to . . . provide any training" to remedy the situation. (Id. at ¶ 32).

## II.    PLAINTIFF'S COMPLAINT

Plaintiff argues that the above facts support claims for five (5) causes of action which Plaintiff has entitled "Failure to Provide Public Information to the Plaintiff That is Otherwise Entitles to" (Cause of Action 1), "Failure to Provide the Plaintiff with Procedural and Substantive Due Process in the Requesting of Public Information" (Cause of Action 2), "Defendants Stymieing the Plaintiff from Access to Courts In Filing Non-Frivolous Claims" (Cause of Action 3), "Violation of the MGDPA and FOIA" (Cause of Action 4), and "Negligence." (Compl. [Docket No. 1]).

While the exact nature of each of Plaintiff's claims is unclear, it seems that Plaintiff's Cause of Action 1 is a First Amendment claim. Plaintiff argues that the "First Amendment of the U.S. Constitution through it Freedom of Speech clause proscribes the denial of the release of public information by a government official – such as the instant Defendants. See e.g. United States v. McVeigh, 119 F.3d 806 (1997, CA10 Colo), 25 Media L R 1937, 1997 Colo J C A R 1124, cert den, 552 US 1142, 140 L.E.2d 163, 118 S.Ct. 1110 (1998) (speaking of First Amendment protections for public information dissemination)." (Compl., [Docket No. 1], at ¶

44). Therefore, Plaintiff argues, "Defendant Doe Nos. 1-3, Davis, Jesson, Barry, [and] Moser's failure to provide the Plaintiff with public information when specifically requested to do so by the Plaintiff" is a violation of "the Plaintiff's well-established First Amendment right to be proscribed from censorship of public information" and, therefore, "in violation of the Free Speech and Expression Clauses of the First Amendment of the U.S. Constitution, and Art. 1 § 2 and 3 of the Minnesota Constitution." (Id. at ¶ 46).

Plaintiff second cause of action argues—without explaining how the MGDPA does so—that the "MGDPA creates a state-created liberty interest to the Plaintiff in the receipt of public information and the liberal access to it." (Id. at ¶ 49). Furthermore Plaintiff argues that, "Defendants, in their entirety, and in conspiracy with each other, via failing to provide adequate procedural and substantive due process on in [sic] the request for public information," did "violate the Plaintiff's well-established right to be afforded adequate procedural and substantive due process in the requesting of public information[,]" and that Defendants by doing so violated "the Substantive and Procedural Due Process Clauses of Section 1 of the Fourteenth Amendment of the U.S. Constitution, and Art. 1 § 7 of the Minnesota Constitution." (Id. at ¶ 50).

Plaintiff's Cause of Action 3 presents no argument except that "Defendants, either severally and conjointly [sic] with one another, have and continue to stymie the Plaintiff from access to the courts in filing a non-frivolous claim via refusing to answer otherwise legit perceived data request[.]"(Id. at ¶ 53). Therefore, Plaintiff argues, Defendants violated "Plaintiff's well established right to freedom of access to the courts pursuant to the Freedom of Petition and Exercise Clauses of the First Amendment of the U.S. Constitution and Art. 1 § 3 of the Minn. Constitution." (Id. at ¶ 53).

4

Plaintiff's fourth cause of action appears to be the center of his Complaint. Plaintiff argues first that the "MGDPA specifically states that the Defendants, being officials of the State of Minnesota have waived any immunities under the MGDPA." (Id. at ¶ 56). Plaintiff argues that because "the MGDPA relies on data *__not__* documents[,]" and because "the MGDPA is to be given a liberal construction of what can and cannot be considered as protected under the statute," the legislation intended to create in the MGDPA "a great presumption that the data is to be available freely no matter if the request for the information comes from the document form or from other forms of communication – i.e. questions." (Id. at ¶¶ 57–59). Plaintiff, therefore, concludes that the failure of "Defendant Davis, in conjunction with Defendants Doe Nos. 1-3[,] to provide the Plaintiff public information" is a violation of "Plaintiff's well-established rights under the Minnesota Government Data Practices Act of Minn. State Ch. 13 and the Freedom of Information Act." (Id. at ¶ 60).[3]

Plaintiff's final cause of action alleges that "Defendants['] derelict[ion] of duty to provide the Plaintiff with public information as provided by the MGDPA . . . violates the Plaintiff's well-established right of Negligence." (Id. at ¶ 67). Plaintiff argues that Defendants have a duty to provide the Plaintiff with public data "no matter what form the request comes in" because the "MGDPA clearly implies a duty on the Defendants to" do so. (Id. at ¶ 63). Plaintiff asserts that he was injured as a result of this dereliction of "duty," and further alleges that his injuries were "caused from a direct and proximate cause of the Defendants' negligence [.]"(Id. at ¶¶ 65–66).

In his Prayer for Relief Plaintiff asks for "exemplary damages" in the amount of $15,000.00 against all Defendants, punitive damages against all Defendants, compensatory damages against all Defendants, and cost and fees plus interest incurred in this action by

---

[3] Despite FOIA being in the title to Cause of Action 4, this cursory mention is the only time it is referenced in the cause of action. Plaintiff provides no facts or argument as to how the federal Freedom of Information Act is involved in his Complaint.

Plaintiff. (Id. at Prayer for Relief ¶¶ C–F).[4] In relation to his state law MGDPA claim (Cause of Action 4), Plaintiff also asks the Court for an injunction requiring Defendants to answer Plaintiff's questions, to "[p]rovide training to the appropriate Defendants in regard to the usage of the MGDPA", and to "[p]lace all responses on the Plaintiff's computer network account." (Id. at Prayer for Relief ¶ B).

## III.   DEFENDANTS' MOTION TO DISMISS, [Docket No. 17]

Defendants move this Court for an order dismissing Plaintiff's Complaint with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and for Plaintiff's failure to state a claim upon which relief could be granted. (Defs.' Mot. to Dismiss Plaintiff's Compl. [Docket No. 17]). As noted above, Plaintiff has not responded in any way in opposition to Defendants' motion. As the Court recommends dismissing Plaintiff's action for lack of subject matter jurisdiction, the Court does not reach Defendants' failure to state a claim argument.

### A.  Standard of Review

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standard than formal pleadings drafted by lawyers." Erikson v. Pardus, 551 U.S. 89, 94 (2007) (citation omitted). However, "[a]lthough pro se pleading are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984); see Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir.1980).

"A court must dismiss an action over which it lacks subject matter jurisdiction." Pomerenke v. Bird, No. 12-cv-1757 (DSD/JJG), 2014 WL 30363, at *1 (D. Minn. Jan. 3, 2014)

---

[4] Plaintiff also asks for "declaratory judgment," but he appears to just be asking for the Court to declare all of his causes of action true and as such the Court does not construe it as a request for declaratory judgment.

(citing Fed. R. Civ. P. 12(h)(3)). Rule 12(b)(1) of the Federal Rules of Civil Procedure provides that a party may move to dismiss a pleading for lack of subject matter jurisdiction. Such a motion may challenge at any time the sufficiency of the pleading on its face or may challenge the factual truthfulness of its allegations. See Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993); Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990). In a factual challenge, courts may consider matters outside of the pleadings, and no presumptive truthfulness attaches to the plaintiff's factual allegations. Osborn, 918 F.2d at 729-30, n.6.

### B. Analysis

As discussed in Section II, supra, Plaintiff alleges approximately 5 separately articulated claims against the Defendants, often directed at the Defendants collectively. Plaintiff explicitly brings the present Section 1983 action against the Minnesota Departments of Human Services, MSOP, Health Information Systems Management Department, the MSOP legal department, numerous individually identified MSOP and MDHS employees in their official capacity "and where applicable individual capacity," and various unidentified MSOP and MDHS "Doe Defendants." (Compl. [Docket No. 1]).

### 1. Plaintiff's Federal Claims Against the State Entity Defendants and Individual Defendants in their Official Capacities

As a threshold jurisdictional consideration, the Eleventh Amendment prohibits an action for monetary damages against a state unless it has unequivocally consented to suit or Congress has abrogated the states' immunity for a particular federal cause of action. Hadley v. North Arkansas Community Technical College, 76 F.3d 1437, 1438 (8th Cir. 1996); Faibish v. University of Minnesota, 304 F.3d 797, 200 (8th Cir. 2002). States are entitled to Eleventh Amendment immunity from federal claims brought under Section 1983. Hadley, 76 F.3d at 1438 ("Section 1983 does not override Eleventh Amendment immunity.").

The immunity afforded a state in federal court extends to agencies of the state. Minnesota Pharmacists Ass'n v. Pawlenty, 690 F. Supp. 2d 809, 815 (D. Minn. 2010) (citing Florida Dep't of Health & Rehabilitative Sers. v. Florida Nursing Home Ass'n, 450 U.S. 147, 101 S.Ct. 1032, 67 L.Ed.2d 132 (1982)). Similarly, a suit against a state employee in that person's official capacity constitutes a suit against the public employer, namely, the state itself. Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999) (citing Kentucky v. Graham, 473 U.S. 159, 165 (1985)); see also Uland v. City of Winsted, 570 F. Supp. 2d 1114, 1119–20 (D. Minn. 2008) (citing Baker v. Chisom, 501 F.3d 920, 924 (8th Cir. 2007); Bankhead v. Knickrehm, 360 F.3d 839, 844 (8th Cir. 2004)). "The law is clear that, 'the real party in interest in an official capacity suit is the governmental entity and not the named official.'" Semler v. Ludeman, No. 09-cv-0732 (ADM/SRN), 2010 WL 145275, at *6 (D. Minn. Jan 8, 2010) (citing Baker, 501 F.3d at 925 (quoting Hafer v. Melo, 502 U.S. 21, 25 (1999))). "It is well-settled that in a 42 U.S.C. § 1983 action, the Eleventh Amendment precluded an award of money damages against a state official acting in his or her official capacity. A plaintiff may maintain an action against a governmental official if the complaint seeks only injunctive or prospective relief." Semler, 2010 WL 145275, at *7 (citations omitted).

As employees of the MSOP and the Minnesota Department of Human Services, the individually identified Defendants are state officials. The Court, therefore, necessarily construes Plaintiff's alleged Section 1983 official capacity claims against the Minnesota Department of Human Services, MSOP, Health Information Systems Management Department, the MSOP legal department, and the individually identified State Defendants as being alleged against the employing entity, i.e., the State of Minnesota.

Plaintiff asserts in his Complaint that the Minnesota legislature, in section 13.08, of the Minnesota Government Data Practices Act explicitly waived any immunity from suit under the MGDPA. (Compl., [Docket No. 1], at ¶ 53). Plaintiff's argument, however, fails because "[t]he test for whether a state has waived its immunity . . . is a stringent one. A state is deemed to have waived its immunity only where stated by the most express language or by such overwhelming implication from the text as will leave no room for any other reasonable construction." Santee Sioux Tribe of Neb. v. State of Neb., 121 F.3d 427, 430 (8th Cir. 1997) (citation omitted). The waiver must be "clear and unequivocal." Id. at 431.

The "Civil Remedies" section of the MGDPA—upon which Plaintiff relies—provides: "The state is deemed to have waived any immunity to a cause of action brought under this chapter." Minn. Stat. § 13.08, subd. 1. While this waiver of "any" immunity could logically seem to include Eleventh Amendment immunity, the actuality of the matter is not so simple. In another chapter of the Minnesota State Statutes, the State explicitly waives its Eleventh Amendment immunity by stating that a person "may bring a civil action against the state in federal court." Minn. Stat. § 1.05, subd. 1; see also subds. 2–5 (stating the same).[5] In contrast to that explicit waiver, which expressly delineates suit "in federal court," the language of the MGDPA does not express a similarly "clear and unequivocal" intent to waive Eleventh Amendment immunity specifically. "A state's general waiver of sovereign immunity is insufficient to waive Eleventh Amendment immunity, because to waive Eleventh Amendment immunity, the state must specify an intent to subject itself to federal court jurisdiction." Santee, 121 F.3d at 431 (emphasis added). Because the State of Minnesota has not specified an intent to subject itself to suit in federal court

_____

[5] Minnesota Statute § 1.05, subdivisions 1–5 provide that an employee, former employee, or prospective employee of the state who is aggrieved by the state's violation of the Age Discrimination in Employment Act, subd. 1; the Fair Labor Standards Act, subd. 2; the Family and Medical Leave Act, subd. 3; the Americans with Disabilities Act, subd. 4; and the Uniformed Services Employment and Reemployment Rights Act, subd. 5 may bring a civil action against the state in federal court.

under the MGDPA, Plaintiff's argument that the State has waived its immunity fails. Other courts have reached similar conclusions. See e.g., Evenstad v. Herberg, 994 F. Supp. 2d 995, 1005–06 (D. Minn. 2014).

Therefore, the Court recommends that Plaintiff's Section 1983 claims seeking monetary damages as alleged against the Minnesota Department of Human Services, MSOP, Health Information Systems Management Department, the MSOP legal department, and the individually identified State Defendants sued in their official capacities be **DISMISSED with prejudice** for lack of subject matter jurisdiction. See Semler, 2010 WL 145275, at *6 ("To the extent Plaintiff asserts claims against the Minnesota Department of Human Services, MSOP, or individually identified State Defendants for actions taken in their official capacities pursuant to 42 U.S.C. § 1983, the claims must be dismissed with prejudice.").[6]

## 2. Plaintiff's State Law Claims Against the State Entity Defendants and Individual Defendants in their Official Capacities

In addition to his Section 1983 claims, Plaintiff alleges a number of state law official capacity claims against the individually named Defendants. To the extent Plaintiff alleges any state law claims against the Minnesota Department of Human Services, MSOP, Health Information Services Department, MDHS Data Privacy Officials, MSOP legal department, and any individually identified Defendants in their official capacities, the undersigned also recommends **DISSMISSAL with prejudice** for lack of subject matter jurisdiction.

"The Eleventh Amendment bars federal court jurisdiction over state law claims against unconsenting states or state officials when the state is the real, substantial party in interest, regardless of the remedy sought." Cooper v. St. Cloud State Univ., 226 F.3d 964, 968 (8th Cir.

---

[6] As such, the only claims that remain are Plaintiff state-law claims and Plaintiffs purported claims against the individually named Defendants in their individual capacity.

2000) (emphasis added). "[W]hile the Supreme Court has long recognized an exception to Eleventh Amendment immunity permitting suits in federal court against state officials alleged to have violated federal law, at least where the relief sought is only injunctive, Ex Parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), that exception does not extend to allow such suits based on pendent state-law claims even if the relief sought is limited to prospective injunctive relief[.]" Minnesota Pharmacists Ass'n, 690 F. Supp. 2d at 815 (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 105–06 (1984) ("We conclude that Young and Edelman are inapplicable in a suit against state officials on the basis of state law.")).

Plaintiff's argument that the MGDPA waives any and all immunities the Defendants may possess fails for the same reasons previously articulated in Section II.B.1, infra.

Accordingly, the Court recommends that Plaintiff's state law claims as alleged against the Minnesota Department of Human Services, MSOP, Health Information Systems Management Department, the MSOP legal department, and the individually identified Defendants sued in their official capacities be **DISMISSED without prejudice**, regardless of the nature of the relief sought, for lack of subject matter jurisdiction.[7]

All that now remains of Plaintiff's Complaint are Plaintiff's purported claims against the individually identified Defendants in their individual capacities.

### 3.  Plaintiff's purported individual capacity claims

Defendants in their memorandum accompanying the present motion argue that Plaintiff has not properly alleged claims against the Defendants in their individual capacity reasoning that the singular statement in Plaintiff's Complaint that it is against Defendants "where applicable in their individual capacities," is an "ambiguous statement in Plaintiff's case caption [which] is

---

[7] If there is any relief for Plaintiff to be had for these state law claims against the state entities or the individuals in their official capacities, then he must seek it in state court.

insufficient to effectuate suit against Defendants in anything other than their official capacity." (Mem. of Law in Support of Defs.' Mot. to Dismiss Plaintiff's Compl., [Docket No. 19], at 13). The undersigned agrees.

Plaintiff alleges that "All Defendants are Currently Sued in Their Official Capacity, and Where Applicable Individual Capacity[.]" (Compl. [Docket No. 1]). Plaintiff, however, does not in any way ever attempt to specify when the purported individual capacity claims are applicable. Without doing so, Plaintiff cannot maintain individual capacity claims.

"[T]he distinction between official-capacity suits and personal-capacity suits is more than a mere pleading device." Hafer, 502 U.S. at 27 (quotation omitted). A Section 1983 claim against a public official in his official capacity is qualitatively different than one arising from the same set of facts and asserted against the same official in his individual capacity: the former is, as fully discussed above, "functionally equivalent to a suit against the employing governmental entity," while the latter is a claim against the official personally. Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010). "For many reasons, including exposure to individual damage liability and [the availability of different] immunity [defenses], these are different causes of action." Baker, 501 F.3d at 920.

As a result of this dichotomy of claims, the Eighth Circuit has for decades required a plaintiff intending to sue a public official in his individual capacity to say so explicitly in his pleadings:

> [T]his court has often considered [whether] a plaintiff [has] properly asserted § 1983 claims against a public official acting in his individual capacity. We have repeatedly stated the general rule: "If a plaintiff's complaint is silent about the capacity in which [he] is suing the defendant, we interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Cmty. Coll., 72 F.3d 615, 619 (8th Cir. 1995); see Nix. v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). "If the complaint does not specifically name the

> defendant in his individual capacity, it is presumed he is sued only in his official capacity." <u>Artis v. Francis Howell N. Band Booster Ass'n, Inc.</u>, 161 F.3d 1178, 1182 (8th Cir. 1998) . . . .
>
> [O]ur cases require more than ambiguous pleading. <u>See</u> <u>Andrus ex rel. Andrus v. Arkansas</u>, 197 F.3d 953, 955 (8th Cir. 1999) ("specific pleading of individual capacity is required"); <u>Johnson v. Outboard Marine Corp.</u>, 172 F.3d 531, 535 (8th Cir. 1999) ("only an express statement that [public officials] are being sued in their individual capacity will suffice"); <u>Murphy v. State of Arkansas</u>, 127 F.3d 750, 754 (8th Cir. 1997) ("a clear statement that officials are being sued in their personal capacities" is required). A "cryptic hint" in plaintiff's complaint is not sufficient. <u>Egerdahl</u>, 72 F.3d at 620.

<u>Id.</u>

Plaintiff's only mention of claims in the individual capacity is in the caption of his Complaint where he says Defendants are sued in their individual capacities "where applicable." (Compl. [Docket No. 1]). Plaintiff never clarifies in the body of his Complaint when those purported individual claims would be applicable. (<u>See</u> <u>Id.</u>). Nowhere in his Complaint does Plaintiff specifically, expressly, or clearly state that he is suing Defendants in their individual capacity nor on what individualized basis. Given the prevailing precedent in the Eighth Circuit, as illustrated above, this lack of definitive statement is all that is needed to construe Plaintiff complaint as containing no individual capacity claims.

Nevertheless, it is worth noting that, though the complaint lacks an express statement as to asserting individual capacity claims, the Complaint was in other ways ostensibly sufficient to put Defendants on notice that Plaintiff intended to sue them in their individual capacities. For example, Plaintiff in a paragraph of his Complaint conclusorily states that he seeks "damages based on the Defendants' actions in their individual capacity[,]" Compl. [Docket No. 3], and, in his Prayer for Relief, Plaintiff seeks punitive damages, which could only be sought if Defendants were sued in their individual capacity. <u>See</u> <u>in contrast</u>, <u>City of Newport v. Fact Concerts, Inc.</u>,

453 U.S. 247, 271 (1982) (holding "that a municipality is immune from punitive damages under 42 U.S.C. § 1983").

However, the Eighth Circuit has held that even these cursory allusions to possible individual claims affords no basis for overlooking Plaintiff's failure to specifically assert his Section 1983 claims against Defendants in their individual capacity in body of the Complaint. The Eighth Circuit has emphasized that its requirement of express pleading of individual capacity claims is strict, in contrast with the "more lenient" and flexible Section 1983 pleading rules that prevail in other circuits. Murphy v. State of Ark., 127 F.3d 750, 755 (8th Cir. 1997); see also Baker, 501 F.3d at 924 n. 2 (explaining that the "flexible approach" to pleading individual capacity claims urged on the panel by the plaintiff is foreclosed by circuit precedent and therefore may only be adopted by the court sitting en banc).

Consistent with this strict approach to pleading, the Eighth Circuit has found that a complaint did not state an individual capacity claims under Section 1983 even where its "substantive paragraphs included a reference to [the Defendants] as 'individual Defendants' and [the Plaintiff] prayed for 'exemplary damages' that may not be recovered in an official capacity suit." Id. at 924. The Eighth Circuit has also determined that a "district court erred in excusing [the Plaintiff's] failure to clearly assert personal capacity claims in his initial complaint" based on a conclusion that the defendants otherwise has adequate notice that the plaintiff intended the claims to encompass individual claims. Murphy, 127 F.3d at 754–55.

Finally, the undersigned notes that the present Plaintiff has in numerous other cases and on numerous other occasions in this District used an express and specific statement to assert individual capacity claims against Defendants. See Sorenson v. MDHS, 13-cv-2958; Sorenson v. Sherburne County, 15-cv-3916. The Plaintiff, in fact, has previously used the phrasing

14

recommended by the Eighth Circuit by stating that Defendants were "sued in their individual and official capacities" or "sued in their official and individual capacities." Id.; see Nix v. Norman, 879 F.2d 429 (8th Cir. 1989) (recommending that "litigants wishing to sue government agents in both capacities should simply use the following language: 'Plaintiff sues each and all defendants in both their individual and official capacities.'") (citing Rollins by Agosta v. Farmer, 731 F.2d 533, 536 n. 3 (8th Cir. 1984)).

Precedent, therefore, dictates that Plaintiff's Complaint, which contains no express statements as to claims against Defendants in their individual capacity, be interpreted to assert only official claims against the Defendants.

Therefore, as the undersigned has already recommended dismissing all of Plaintiff official capacity claims, the undersigned further recommends that Plaintiff action be **DISMISSED without prejudice** in its entirety.

## IV.   CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendants' Motion to Dismiss Plaintiff's Complaint, [Docket No. 17], be **GRANTED**; and that all of Plaintiff's claims be **DISMISSED** as set forth above.

Dated: January 25, 2016                          s/Leo I. Brisbois
                                                 Leo I. Brisbois
                                                 United States Magistrate Judge

15

**N O T I C E**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]"  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.