UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Eric Michael Sorenson,

    Plaintiff,

v.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 15-1573 ADM/LIB

Minnesota Department of Human
Services ("MDHS"), Minnesota Sex Offender
Program ("MSOP"), Lucinda Jesson, Anne Barry, Nancy
Johnston, Cindy Breault, Kevin Moser, 2015 Health
Information Systems Management Department
and its Agents, Employees, and Assigns, etc
(collectively referred to as Doe No. 1), 2015 MDHS Data
Privacy Official(s) (as Doe No. 2), 2015 MSOP Legal
Department and its Agents, Employees, and Assigns, etc.
(collectively referred to as Doe No. 3), Stana Davis,
Any Other Jane/John Does Whose True Names Are
Not Presently Known to the Plaintiff, All Defendants
Are Sued in Their Official Capacity, and Where Applicable
Individual Capacity,

    Defendants.

_____

Eric Michael Sorenson, pro se.
_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge on Plaintiff Eric Michael Sorenson's ("Sorenson") "Motion for Rule 60(b) & 59 Relief and Notice" [Docket No. 64]. For the reasons set forth below, Sorenson's Motion is granted in part and denied in part.

## II. BACKGROUND

Sorenson has been civilly committed to the Minnesota Sex Offender Program ("MSOP"). On March 17, 2015, he filed this lawsuit under 42 U.S.C. § 1983 against several State of

Minnesota departments (the "Entity Defendants") and State of Minnesota employees (the "Employee Defendants") (together with the Entity Defendants, the "Defendants"). Compl. [Docket No. 1]. The caption of the Complaint states that "all Defendants are sued in their official capacity, and where applicable individual capacity." Id.

Sorenson alleges Defendants violated his constitutional, statutory, and common law rights by failing to provide him with requested data practices information. See generally id. The purported "data practices information" sought by Sorenson was answers to the following questions: "(1) what statutory authority does the Office of Special Investigations run under? And (2) does it have statutory ties with the DOC [Minnesota Department of Corrections]?" Id. ¶ 24. Sorenson contends that the Minnesota Government Data Practices Act ("MGDPA") imposes a duty on Defendants to provide him with this information, and that Defendants' failure to do so violates "the Freedom of Speech Clause of the First Amendment, Substantive and Procedural Due Process Clauses of Section 1 of the Fourteenth Amendment of the Constitution, and Art. 1 §§ 2, 3, and 7, . . . MGDPA. . . , and Freedom Of Information Act ("FOIA")." Id. ¶¶ 2, 33–34. Sorenson also asserts a claim for negligence. Id. ¶¶ 2, 62–67. The Complaint seeks monetary and injunctive relief. Id. at 21–22.

On May 28, 2015, Defendants filed a motion to dismiss [Docket No. 17]. Sorenson failed to file a response despite this Court's Order granting him a 30–day extension of time to respond. See Order, Nov. 30, 2015 [Docket No. 57].

**A. Report and Recommendation**

On January 25, 2016, Magistrate Judge Leo I. Brisbois issued a Report and Recommendation ("R&R") [Docket No. 59] recommending that Defendants' motion to dismiss

be granted and that all of Sorenson's claims be dismissed. The introductory paragraph of the R&R recommended that "the above captioned mater be **DISMISSED with prejudice.**" Id. at 1 (emphasis in original). The R&R then analyzed Sorenson's potential claims, grouping them into three categories. Id. at 7–15. The first category consisted of § 1983 claims against the Entity Defendants and claims against the Employee Defendants sued in their official capacities. Id. at 7. These claims were determined to be claims against the state. Id. at 7–8. As a result, Eleventh Amendment immunity applied. Id. The R&R further determined that Eleventh Amendment immunity had not been waived under the MGDPA because the state had not specified an intent to subject itself to federal court jurisdiction. Id. at 9–10. As a result, the R&R recommended dismissing the first category of claims. The R&R is inconsistent whether the claims were to be dismissed with or without prejudice. On page 10, dismissal of these claims is recommended "**with prejudice** for lack of subject matter jurisdiction," but on page 15 the R&R recommends that "Plaintiff['s] action be **DISMISSED without prejudice** in its entirety." R&R at 11, 15 (emphases added).

The second category of claims consisted of pendent state law claims against the Entity Defendants and the Employee Defendants sued in their official capacities. Id. at 10. The R&R determined that Eleventh Amendment immunity barred federal jurisdiction over these pendent state-law claims. Id. at 10–11. Therefore, dismissal of these claims was recommended. Id. at 11. Again, the R&R was inconsistent whether the dismissal of these claims was to be with or without prejudice. On page 10, the R&R recommends "**DISMISSAL with prejudice** for lack of subject matter jurisdiction," but page 11 recommends that the pendent state law claims be "**DISMISSED without prejudice**" and notes that "[i]f there is any relief for Plaintiff to be had

for these state law claims against the state entities or the individuals in their official capacities, then he must seek it in state court." Id. at 10–11, n.7 (emphases added).

The third category of potential claims consisted of purported individual capacity claims against the Employee Defendants. Id. at 11. The R&R found that the Complaint did not properly assert a suit against the Employee Defendants in their individual capacities. Id. at 13. This conclusion was based on the absence of an express statement in the Complaint that the Employee Defendants were being sued in their individual capacities. Id. Although the caption of the Complaint stated that "All Defendants are Currently Sued in Their Official Capacity, and Where Applicable Individual Capacity," this statement was found to be ambiguous because it did not specify when the purported individual capacity claims are applicable. Id. at 12. Thus, the statement was not an express and specific statement that the Employee Defendants were being sued in their individual capacities. Id. at 12–14. As a result, the R&R found that the Complaint asserted only official claims against the Employee Defendants. Id. at 15.

The analysis portion of the R&R concluded by stating: "Therefore, as the undersigned has already recommended dismissing all of Plaintiff['s] official capacity claims, the undersigned further recommends that Plaintiff['s] action be **DISMISSED without prejudice** in its entirety." Id. at 15 (emphasis in the original).

Sorenson did not file a timely objection to the R&R.

**B. Order Adopting Report and Recommendation**

On February 16, 2016, twenty two days after the R&R was filed, this Court issued an order adopting the R&R and dismissing Sorenson's claims with prejudice. Order Adopting R&R [Docket No. 61]. Judgment was entered the next day. Judgment [Docket No. 62].

**C. Appeal and Present Motion**

On March 25, 2016, Sorenson filed a Notice of Appeal [Docket No. 63] to the Eighth Circuit and also filed this Motion for relief from this Court's Order Adopting the R&R. On May 11, 2016, the Eighth Circuit dismissed the appeal for lack of jurisdiction. See USCA Judgment [Docket No. 72]. After denying Sorenson's petition for rehearing en banc on July 19, 2016, the Eighth Circuit issued the mandate on July 26, 2016. See Docket Nos. 73, 74.

In this Motion, Sorenson seeks to vacate the Order Adopting the R&R, the Judgment, and the R&R. Sorenson makes the following arguments:

1. The District Court made a clerical error in dismissing with prejudice.

2. The District Court erred in not stating the reasons for "overruling" the R&R and ordering dismissal with prejudice.

3. The District Court erred in not making the R&R sufficiently clear.

4. The District Court erred in not allowing Sorenson to amend the Complaint prior to dismissal.

5. The District Court erred in dismissing the state law claims with prejudice.

6. The District Court lacked jurisdiction to act because it failed to provide Sorenson with proper procedural due process.

7. The District Court erred by issuing the Order and Judgment prior to dismissal of all claims.

8. The District Court erred in granting Eleventh Amendment Immunity on all claims in general.

9. The District Court erred in granting Eleventh Amendment Immunity on the state

    law claims.

  10.  The District Court erred in holding that no individual capacity claims existed.
Obj. a 5–18.

  Sorenson also requests a hearing on this matter and emphasizes that pro se pleadings are to be liberally construed. <u>Id.</u> at 18–19.

### III.  DISCUSSION

**A.  Federal Rule of Civil Procedure 59**

  Rule 59(e) states that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).  This Motion was filed on March 25, 2016, which was 33 days after the entry of the Judgment on February 17, 2016.  <u>See</u> Proof of Service [Docket No. 66] (certifying that Motion for Rule 60(a),(b) and 59 Relief served on March 21, 2016).  Therefore, the request for relief under Rule 59 is denied as untimely.

**B.  Federal Rule of Civil Procedure 60**

  Sorenson also seeks relief under Rule 60(a) and Rule 60(b)(1),(4), and (6) of the Federal Rules of Civil Procedure.  Rule 60(a) permits a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."  The Rule 60(b) provisions invoked by Sorenson permit a court to relieve a party from a final judgment, order, or proceeding for the following reasons:  "mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1); "the judgment is void," Fed. R. Civ. P. 60(b)(4); and "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).  Relief under Rule 60(b) is an "extraordinary remedy" that lies within the discretion of the district court.  <u>In re Design Classics, Inc.</u>, 788 F.2d 1384, 1386 (8th Cir. 1986).

Here, the Order Adopting the R&R includes a clerical mistake or oversight in that it mistakenly dismissed the pendant state law claims with prejudice. The state law claims should have been dismissed without prejudice to allow Sorenson to seek relief on those claims in state court. Therefore, the Order Adopting the R&R is amended to provide that the pendent state law claims are dismissed without prejudice.[1] The federal claims are dismissed with prejudice because they are barred by Eleventh Amendment immunity. This resolves Arguments 1–2 and 5 of the above-enumerated arguments.

As to Argument 3, Sorenson contends that the R&R's dismissal of the same claims with and without prejudice was contradictory and "not sufficiently clear so as to allow Plaintiff to make an objection." Motion at 9. This argument fails because to the extent Sorenson believed the R&R was erroneous and required clarification, he could have filed an objection so stating.

Because Sorenson never requested leave to amend, Argument 4, which asserts that this Court erred by failing to allow Sorenson to amend his Complaint prior to dismissal, is without merit. Thus, dismissal without leave to amend was not erroneous.

Argument 6 fails because Sorenson has been afforded proper procedural due process in this matter.

In Argument 7, Sorenson contends that the District Court issued the Order Adopting the R&R and the Judgment before all claims had been dismissed. He argues that the R&R recommended dismissal of his § 1983 monetary claims only, and that the § 1983 claims for injunctive relief remained unresolved. Not so. The R&R recommended dismissal of all § 1983

---

[1] Allowing Sorenson to bring his state law claims in state court should not be construed as suggesting those claims have merit.

claims against the Entity Defendants and the Employee Defendants in their official capacities. See R&R at 10.  Upon recommending dismissal of the § 1983 claims and prior to analyzing the state-law and purported individual capacity claims, the R&R made clear that at that point in the analysis, "the only claims that remain are Plaintiff['s] state-law claims and Plaintiff[']s purported claims against the individually named Defendants in their individual capacity."  Id. at 10 n.6. The R&R proceeded to analyze and resolve those claims by recommending dismissal of the state law claims and determining that no individual capacity claims had been pled.  Id. at 10–15.  Due to the resolution of all claims in the Complaint, the R&R recommended dismissal of the matter "in its entirety."  Id. at 15.  Sorenson did not object to the R&R.  Therefore, at the time the Court issued the Order Adopting R&R and entered the Judgment, all claims had been resolved.

Arguments 8 through 10 challenge the determinations in the R&R that Eleventh Amendment immunity applied and that no individual capacity claims existed.  See Obj. at 13–17. The arguments are untimely because they are being raised for the first time in this Rule 60(b) Motion.  Sorenson did not file a response to Defendants' motion to dismiss despite being provided an extension of time for doing so, nor did he file an objection to the R&R pursuant to Federal Rule of Civil Procedure 72.  He has not identified extraordinary circumstances for why his immunity and individual capacity arguments were not raised earlier.[2]  Sorenson's belated

---

[2] Earlier in this litigation, Sorenson averred that he had limited access to computers with legal research software at the MSOP facility, and that Defendants had arbitrarily and capriciously "chill[ed]" his access to those computers.  See Sorenson Aff. [Docket No. 55] ¶¶ 6–9.  He also averred that he had been "preparing and researching documents . . . connected with [his] appeal" and thus "ha[d] not had proper time . . . to prepare any documents" for the motion to dismiss.  Id. ¶ 10.  However, Sorenson had a full seven months to respond to the motion to dismiss.  During this time period, he prepared and filed other legal memoranda.  See, e.g., Pl.'s Mem. Supp. Mot. Extension Time Respond [Docket No. 54].  Therefore, any argument that his limited access to computerized research constituted extraordinary circumstances that precluded him from responding to the motion to dismiss or objecting to the R&R is unavailing.

attempt to argue these issues at this juncture does not qualify under Rule 60(b)(1), (4), or (6) as a reason justifying extraordinary relief under Rule 60(b).

## IV.  CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Rule 60(a),(b) & 59 Relief and Notice [Docket No. 64] is **GRANTED IN PART and DENIED IN PART** as set forth above.

2. This Court's Order Adopting the Report and Recommendation [Docket No. 61] is **AMENDED** to provide:

    a. Plaintiff's claims based on federal law in the Complaint [Docket No. 1] are **DISMISSED WITH PREJUDICE**; and

    b. Plaintiff's claims based on state law in the Complaint [Docket No. 1] are **DISMISSED WITHOUT PREJUDICE**.

3. The Judgment [Docket No.62] shall be **AMENDED** to reflect that:

    a. Plaintiff's claims based on federal law in the Complaint [Docket No. 1] are **DISMISSED WITH PREJUDICE**; and

  b. Plaintiff's claims based on state law in the Complaint [Docket No. 1] are

**DISMISSED WITHOUT PREJUDICE**.

**LET AMENDED JUDGMENT BE ENTERED ACCORDINGLY.**

               BY THE COURT:


                s/Ann D. Montgomery
               ANN D. MONTGOMERY
               U.S. DISTRICT JUDGE

Dated:  September 23, 2016.